IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRANCE McCLURGE,           )
                             )
            Petitioner,      )
                             )
     vs.                     )     No. 04 C 3628
                             )
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )

## MEMORANDUM OPINION AND ORDER

After his conviction was affirmed on appeal, petitioner, on May 25, 2004, filed this case, a section 2255 petition. It was very lengthy, and it took the government some time to retrieve and review the record and then respond, which it did on November 1, 2004. We denied the petition on December 10, 2004.

Petitioner sought a certificate of appealability on February 3, 2005, which we denied on February 14, 2005. Apparently petitioner thought that denial would be forwarded to the Court of Appeals and he then would be told how to proceed. Having heard nothing by March 16, 2005, he wrote the Clerk of the District Court to inquire whether the denial had been forwarded to the Court of Appeals. He was apparently advised that it had not been forwarded because no notice of appeal had been filed. He has now asked the court for leave to file a notice of appeal out of time, pursuant to the Federal Rules of Appellate Procedure, Rule 4(a)(6).

Petitioner is proceeding *pro se.* He wants to appeal the denial of his section 2255 petition, but first he must obtain a certificate of appealability from the Court of Appeals. But even before he asked this court for a certificate of appealability he should have filed his notice

of appeal. Indeed, this court should not have ruled on his request for a certificate without the notice of appeal having been filed. It is evident that petitioner thought he could not file a notice of appeal until he had been told, either by this court or the Court of Appeals, that he could appeal – a not unreasonable assumption.

We are not at all sure that we have the jurisdiction to reopen the time for appeal. The motion is within 180 days of the judgment – the judgment was December 10, 2004, and the motion was filed April 13, 2005, and we believe no party would be prejudiced, but petitioner did have notice of the judgment shortly after it was entered. In the circumstances, however, we reopen the time to file an appeal and leave to the Court of Appeals whether or not it will consider whether to issue a certificate of appealability.

The motion is granted. Petitioner must file his notice of appeal within 14 days of the entry of this order.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 9, 2005.